Wash, J.,
delivered the opinion of the Court.
This was originally an action of debt, commenced by Kirby v. Snell, before a Justice of the Peace, in which the plaintiff had judgment; from which the defendant appealed to the Circuit Court, where on the trial de no. the plaintiff again bad judg* mint; to reverse which Snell has brought his writ of error into this Court. The summons Was in debt. The evidence is preserved by a bill of exceptions, consisting of an account stated, in Which Kirby charges Snell “ To 1 mare for $40,» and the testimony of a Witness, who testified that the plaintiff, in the month of July, 1830, Bold to the defendant a certain mare for forty dollars, eighteen dollars of which was to be paid in a saddle on the 15th of September next following the contract, eleven dollars to be paid in cattle at the same time, the balance in pork at the next killing time. Upon this state of facts, the defendant’s counsel moved the Circuit Court to instruct the jury, first, that the plaintiff cannot recover in his action of debt, Unless the demand proved before them was for the payment of money. Second, *17 that the evidence introduced by the plaintiff is inadmissible to support the account filed, &c. Third. That if the jury believe from the testimony that the contract proved was a sale of the plaintiff to defendant of a mare for which the defendant agreed to give certain property, and that the term “dollars” was used only to know how much of each kind of property was to be paid, the evidence Is inadmissible under the account filed and in this form of action; which instructions the Circuit Court refused to give, and then instructed the jury, that the action of debt would lie, and that the testimony of the witness could properly be received to support the account filed in this action. To which opinion of the Court in refusing the instructions prayed for and giving the instructions to the jury, the defendant excepted, and now assigns it for error. The point relied on is, that an action of debt will not lie in this case, and on this the law is clearly with the plaintiff in error. An action of debt will not lie on a contract for the payment of a stipulated sum in property. It must not depend upon any subsequent valuation to settle the amount. This doctrine has been well settled — see 1st. Bibb 356 and 487; 2d. Bibb 584; 1st. Littell 30. In this case it is clear the property and not the money, is the object of the contract. The authorities cited by the defendant’s counsel are in perfect accordance with this doctrine, or do not at all impugn it. In the case of Dunklin, Edwards and Cravens, v. McKee, decided by this Court, (Mo. R., p. 128,) it is held that an action of debt will lie on a contract for the payment of money with the privilege of paying the whole or any part of it in work at a given time, and that the privilege of paying the debt in work, was only a means by which the payment of the money might be defeated, and was nothing but a defeasance. The difference in that case and the one before the Court is too obvious to require analysis or discussion. In the case of Cornelius a. McDonald, also decided by this Court, (Mo. R, 2 vol. p. 55,) the point was not raised in either Court. The case of Smith v. Smith In 2 John R., p. 235 has been entirely mistaken. It is placed by the counsel for the plaintiff expressly on the acknowledgment of the debt by the defendant, and the Court say that the consideration of the note is proved by the full and satisfactory acknowledgment of the debt by the defendant. There the question was not raised, whether the note was for property or for money. The proof was the full acknowledgment of debt and independent of the proof on which it was expressly decided, the fair construction of the contract as set out in the note, would have authorized the Court to regard it as a contract to pay money, with the privilege of discharging the debt In land, &e. Upon the whole, therefore, we think the Circuit Court erred, and the judgments reversed with costs.